**Slip Op. 06-186**

**United States Court of International Trade**

ROBERT L. ANDERSON,

              Plaintiff,

    v.

UNITED STATES SECRETARY OF
AGRICULTURE,

              Defendant.

Before: Pogue, Judge
Court No. 05-00329

**MEMORANDUM OPINION AND ORDER**

On November 1, 2006, the court remanded the captioned matter for reconsideration of the defendant agency's refusal to consider Plaintiff's claim that his net income declined on an accrual basis. <u>Anderson v. United States Sec'y of Agric.</u>, 30 CIT \_\_, Slip Op. 06-161 (CIT 2006).[1]

Citing the decision of the Court of Appeals for the Federal Circuit ("CAFC") in <u>Steen v. United States</u>, 468 F. 3d 1357 (Fed. Cir. 2006), the agency refused to comply with the court's remand order. In <u>Steen,</u> the CAFC affirmed the application of the same agency regulation at issue here, 7 C.F.R. § 1580.102(2004), which relies on Internal Revenue Service ("IRS") Schedule C in defining "net fishing income"; nonetheless, the CAFC also took pains to specify that its approval of the agency's application of its

---

[1]Familiarity with the court's prior opinion is presumed.

regulation applied only to Mr. Steen's claim that "his net fishing income should be calculated with respect to the imported commodity only and should not be calculated by taking into account his income from other commercial fishing activity." Id. at 1360. The CAFC went on to state: "Mr. Steen does not contend that his tax returns distort the net amount of his income derived from all fishing sources in the two relevant years. . . ." Id. at 1364.[2]

Accordingly, the agency's reliance on Steen in the remand determination at issue here is inappropriate. The CAFC clearly did not intend for its opinion to be read to render the pro forma use of the net income line from the IRS's Schedule C in accordance with law in all circumstances. On the contrary, the CAFC specifically instructed that the Steen decision did not apply to claims such as Mr. Anderson's that his tax returns distort the net amount of his income derived from all fishing sources in the two relevant years when considered on an accrual basis.

In addition, if the agency believed that Steen represented intervening contrary authority and therefore rendered the court's remand order nugatory, the proper and prudent course would have been to move for reconsideration or rehearing in accordance with

---

[2] Additionally, the CAFC noted that "the regulations make it reasonably clear that the determination of net farm income or net fishing income is not to be made solely on the basis of tax return information if other information is relevant to determining the producer's net income from all farming or fishing sources." Steen, 468 F. 3d at 1364.

USCIT R. 59. See Union Camp Corp. v. United States, 23 CIT 264, 270, 53 F. Supp. 2d 1310, 1317 (1999)("a motion for reconsideration should be granted, and the underlying judgment or order modified, when a movant demonstrated that the judgment is based on manifest errors of law or fact."). Absent appeal, an agency is not free to disregard a court order, but rather must obey the order pending appeal. Georgetown Steel Co. v. United States, 27 CIT 550, 555-56, 259 F. Supp. 2d 1344, 1348 (2003); cf. Hyundai Elecs. Indus. v. United States, 30 CIT __, __, 414 F. Supp. 2d 1289, 1291 (2006)(in the context of a remand to the agency, after compliance with the remand order, the parties argued the intervening authority to the court.).

The agency's refusal to comply with the court's remand order reflects disregard of the court's authority. Moreover, where a plain reading of Steen would have demonstrated its inapplicability, the agency's action is contrary to the requirements of USCIT R.11(b)("claims, defenses, and other legal contentions...are [to be] warranted by existing law . . . .").

For the foregoing reasons, the court again remands this matter for reconsideration consistent with this order. The agency shall have until January 19, 2007, to provide a remand determination. Plaintiff shall submit comments on the remand determination no later than February 2, 2007, and the government shall submit rebuttal comments no later than February 12, 2007.

3

In addition, in accordance with USCIT R. 11(c), the Defendant is ordered to show cause, by January 19, 2007, why it has not violated USCIT R. 11(b) with respect to the initial remand determination discussed herein.

SO ORDERED.


Dated:    December 20, 2006
          New York, New York

                                         /s/ Donald C. Pogue
                                        Donald C. Pogue
                                             Judge

4